NOONAN, Circuit Judge,
concurring and dissenting:
I concur except as to the holding that dismisses Watison’s claim under the Eighth Amendment. The incident central to this claim is, for good reason, one that has not been the subject of appellate litigation: the grossness of the conduct alleged is not likely to have often occurred. In a word, a prisoner sitting in his own cell on his toilet was allegedly rubbed on his thigh by a prison guard who had entered the cell. The sexual implications of this stroking plus the interference with the prisoner’s discharge of his bladder amounted to the infliction of psychological pain. Given the privacy allegedly invaded, this kind of pain was sufficiently serious to constitute constitutionally prohibited cruelty.
We do not have, and need not have, a precedent exactly governing the case. A century ago the Supreme Court set out the governing principle:
Time works changes, brings into existence new conditions and purposes. Therefore a principle to be vital must be capable of wider application than the mischief which gave it birth. This is peculiarly true of constitutions. They are not ephemeral enactments, designed to meet passing occasions. They are, to use the words of Chief Justice Marshall, ‘designed to approach immortality as nearly as human institutions can approach it.’ The future is their care and provision for events of good and bad tendencies of which no prophecy can be made. In the application of a constitution, therefore, our contemplation cannot be only of what has been but of what may be. Under any other rule a constitution would indeed be as easy of application as it would be deficient in efficacy *1119 and power. Its general principles would have little value and be converted by precedent into impotent and lifeless formulas. Rights declared in words might be lost in reality. And this has been recognized. The meaning and vitality of the Constitution have developed against narrow and restrictive construction.
Weems v. United States, 217 U.S. 349, 373, 30 S.Ct. 544, 54 L.Ed. 793 (1910).
The prohibition of cruel and unusual punishment covers the case presented by Watison.